UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD KYLES (# 227417)                                          CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                            NO. 16-0399-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 10, 2017.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD KYLES (# 227417)           CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.           NO. 16-0399-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss (R. Doc. 7). This Motion is opposed.

*Pro se P*laintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Darrel Vannoy, Ass't Warden Stephanie Lamartiniere, Dr. Randy Lavespere and Dr. Cynthia Park, complaining that Defendants have violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs.

In the instant motion, Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claim asserted against them in their official capacities for monetary damages.[1] In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the

---

[1] Whereas Plaintiff's Complaint is unclear as to whether he is suing Defendants in their individual or their official capacities, the Court liberally interprets Plaintiff's Complaint as naming Defendants in both capacities. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing that the pleadings of *pro se* plaintiffs should be interpreted liberally).

distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendants in their official capacity for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. In addition, a claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is also not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d *Civil Rights* § 101.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, Plaintiff alleges that he has suffered from pain and swelling in his left leg and foot since December 2015. He asserts that he has brought this complaint to the attention of prison officials, including Secretary LeBlanc, Warden Vannoy, Ass't Warden Lamartiniere and Medical Director Lavespere, but they have failed to "respond properly." Plaintiff asserts that Defendant Dr. Park is the physician at LSP who has diagnosed Plaintiff's condition and prescribed medication, but Plaintiff complains that the medication is inadequate, and he disagrees with the assessment of LSP officials that he has exhibited "no radicular pain" and that the prescribed medication is "appropriate for [his] condition."[2]

In response to Plaintiff's allegations, Defendants assert that they are entitled to qualified

---

2   In his opposition to Defendants' Motion to Dismiss, Plaintiff includes a new assertion that he has been forced to continue working despite his medical complaints and symptoms. *See* R. Doc. 8 at p. 2. *See also* R. Doc. 10. This claim was not included in Plaintiff's original Complaint, and the Court declines to interpret this assertion as an amendment to Plaintiff's Complaint or a request for leave to so amend.

immunity in connection with Plaintiff's claims. Specifically, Defendants contend that Plaintiff's allegations are insufficient to establish that any of them has participated in a violation of Plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendants' conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to Plaintiff's claims, the Court concludes that Defendants' Motion to Dismiss should be granted.

It is well-settled that to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must be able to show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Thomas v. Carter*, 593 Fed. Appx. 338, 342 (5th Cir. 2014), *citing Estelle v. Gamble*, 429 U.S. 97 (1976). Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue because a prisoner's mere disagreement with his medical treatment, absent exceptional circumstances, does not support a

claim of deliberate medical indifference. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Nor do negligence, neglect, medical malpractice, misdiagnosis or unsuccessful medical treatment give rise to a § 1983 cause of action. *See Zaunbrecher v. Gaudin,* 641 Fed. Appx. 340 (5th Cir. 2016). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). A prison official acts with deliberate indifference only if the official (1) "knows that inmates face a substantial risk of serious bodily harm," and (2) "disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, *supra,* 463 F.3d at 346, *quoting Farmer v. Brennan, supra,* 511 U.S. at 847.

The deliberate indifference standard sets a very high bar. Plaintiff must be able to establish that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006), *citing Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In addition to the foregoing, in order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*,

556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith, supra*, 718 F.2d at 768.

Applying the foregoing principles, the Court finds that Plaintiff has failed to allege facts sufficient to support a claim of deliberate medical indifference on the part of Defendants. First, with regard to Secretary James LeBlanc and LSP Warden Darrel Vannoy, Plaintiff alleges only that these defendants were made aware of his complaints – presumably through his submission of an administrative grievance – yet they failed to "respond properly" thereto. Further, with regard to Ass't Warden Lamartiniere, Plaintiff includes an additional assertion that this defendant responded to Plaintiff's administrative grievance by advising Plaintiff that his medical records had been reviewed by a physician, Dr. Randy Lavespere, the Medical Director at LSP, and that Plaintiff's treatment and medication were believed to be appropriate for his condition and complaints. These allegations are not sufficient to support a finding of liability on the part of Defendants LeBlanc, Vannoy and Lamartiniere. Plaintiff does not allege that, in their supervisory capacities as Department Secretary, Head Warden at LSP and Assistant Warden over Health Services at LSP, respectively, these defendants have been personally involved in examining, evaluating or treating his complaints, that they possess any qualifications as health care providers, or that they otherwise have personal knowledge relative to Plaintiff's medical condition or treatment. The most that can be inferred from Plaintiff's allegations directed at these defendants is that he believes that Defendants are "aware" of his complaints –

presumably because of his submission of an administrative grievance – and have "fail[ed] to respond properly" thereto. *See* R. Doc. 1 at p. 4. Notwithstanding, the law is clear that any alleged failure to investigate or properly respond to a prisoner's administrative grievance is not a constitutional violation, and no liability may attach as a result of such failure. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Nor is an inmate constitutionally entitled to a fair or favorable response or result in connection with such a grievance. *Id*. Thus, Plaintiff may not be heard to complain in this case regarding the manner in which his administrative proceedings were investigated, conducted or resolved, and there is no constitutional right inherent in such a claim. Accordingly, Plaintiff's claims asserted against Defendants LeBlanc, Vannoy and Lamartiniere should be dismissed.

Turning to Plaintiff's claim asserted against the remaining defendants, Dr. Cynthia Park and Dr. Randy Lavespere, it is clear from Plaintiff's allegations that he has failed to sufficiently allege that these defendants have been deliberately indifferent to his serious medical needs. To the contrary, Plaintiff acknowledges in his Complaint and in subsequent submissions that he has been seen and evaluated, that medications have been prescribed in an attempt to address his symptoms and complaints, that diagnostic testing has been ordered, that follow-up appointments have been scheduled and that surgical intervention has been undertaken. Plaintiff concedes in his Complaint that Defendant "Dr. Cynthia Park is the doctor who gave [Plaintiff] the diagnosis and gave [Plaintiff] the medication for [his] left leg" and that Defendant Dr. Lavespere has reportedly reviewed Plaintiff's medical records and has agreed that "the medicine [Plaintiff] was given … is appropriate for this condition." R. Doc. 1 at p. 4. In subsequent submissions before this Court, R. Docs. 10, 12 and 17, Plaintiff has explicitly acknowledged that he has been scheduled for multiple follow-up appointments at LSP, has been escorted to a hospital in New Orleans for evaluation and/or treatment on at least two occasions, has twice been scheduled for surgery, has been informed that he needs an additional medical procedure before the surgery is undertaken, has been prescribed multiple medications in an attempt to

alleviate his symptoms, and finally, has undergone a surgical procedure.[3] These are not allegations suggesting that either Defendant Park or Lavespere has ignored Plaintiff's complaints, has intentionally treated him incorrectly, or has otherwise exhibited deliberate indifference to Plaintiff's serious medical needs.

Based on the foregoing, it appears that the crux of Plaintiff's complaint in this case is not that he has been denied medical attention entirely, but rather that such attention has been inadequate, improper or delayed. Specifically, he is apparently unhappy with the care that has been provided, and he believes that additional care is warranted. He expresses disagreement with the determinations made by prison medical personnel, and he believes that his condition has been mis-diagnosed and/or mistreated. Notwithstanding, a failure to refer an inmate plaintiff for additional treatment, diagnostic testing or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference. *See Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (upholding the dismissal of an inmate's claim as frivolous, noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" *quoting Estelle v. Gamble, supra*, 429 U.S. at 107. Further, as noted above, although Plaintiff is apparently dissatisfied with the medical care that has been provided to him at LSP, such dissatisfaction does not alone support a claim of deliberate medical indifference. Therefore, liberally construing Plaintiff's Complaint, the Court finds that his allegations, at best, set forth a claim of negligence, misdiagnosis and/or delay in the provision of

---

3   Plaintiff appears to complain in his later submissions that physicians at the New Orleans hospital have improperly focused their attention upon his neck whereas he believes that his problems relate to his left leg. *See* R. Docs. 10 and 12. Notwithstanding, even if true, this would relate principally to a claim of mere misdiagnosis or negligence and would have no bearing on the question in this case regarding whether the named prison Defendants have been deliberately indifferent to his medical needs. The Court further notes that Plaintiff's assertions relative to the treatment and care that has been provided to him are consistent with medical records that have been filed into the record of this proceeding by Defendants. *See* Attachments to R. Doc. 11.

medical care, and Plaintiff has not sufficiently alleged that any deficiencies in his care are due to deliberate indifference on the part of Defendants Park or Lavespere. Accordingly, these Defendants are entitled to judgment as a matter of law in connection with Plaintiff's claim of deliberate indifference to his serious medical needs.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss (R. Doc. 7) be granted, dismissing Plaintiff's claims asserted herein, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**